UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH C. CLARK,

        Petitioner,

v.                                   Case No. 09-C-1166

MICHAEL THURMER,

        Respondent.

**ORDER**

On December 21, 2009, Joseph Clark filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he has been wrongfully moved into disciplinary segregation at Waupun Correctional Institution. Petitioner has paid the $5 filing fee.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Clark appears to argue that he was deprived due process in the prison disciplinary proceedings which resulted in his being placed in segregation. Clark's petition suffers from defects of both form and substance. Petitioner has failed to comply with Civil Local Rule 9.1, which

requires that petitions for habeas relief "must be on forms supplied by the Court." This is reason to dismiss the petition with leave to amend, though in this case it is clear that habeas proceedings cannot afford the relief Clark seeks for the reasons stated below.

The problem with Clark's petition is that he is not "in custody" by virtue of the disciplinary segregation he challenges. *See* 28 U.S.C. § 2254(a). As the Seventh Circuit has stated,

> The choice to house an inmate in segregation rather than with the general population affects the severity, not the duration, of confinement; an inmate in segregation is not "in custody" for purposes of § 2254 and cannot use habeas corpus to challenge the sanction. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

*Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008); *see also Newman v. Ashcroft*, 96 Fed. Appx. 418, 419 (7th Cir. 2004) ("Actions by prison authorities that relate only to conditions of confinement and not to the fact or duration of that confinement do not affect custody.") (citations omitted); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Further, the Court will resist the temptation to "convert" Clark's action into a suit under 42 U.S.C. § 1983, given the fact that "actions under the PLRA and the AEDPA have different procedural requirements and different potential consequences." *Moran*, 218 F.3d at 651.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   29th   day of December, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

2

Case 1:09-cv-01166-WCG   Filed 12/29/09   Page 2 of 2   Document 3